UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Bahram Farahi, et al.,

    Plaintiffs

v.

Jeffrey Herson,

    Defendant

Case No.: 2:24-cv-02381-JAD-DJA

**Order Granting Plaintiffs' Motion to Remand, Denying Plaintiffs' Motion to Transfer, and Denying Defendant's Motion to Dismiss Parties**

[ECF Nos. 3, 19, 22]

    Bahram Farahi, the Oregon corporation Desert Outdoor Advertising, Inc. (DOA), and a Nevada corporation with the same name sued Jeffrey Herson in Nevada state court for various breaches of contract, unjust enrichment, and conversion in October 2024.[1] Herson removed the action on the basis of diversity jurisdiction, claiming that he had moved to Arizona in July 2024 and was thus diverse from the Nevada- and Oregon-based plaintiffs.[2] The plaintiffs now move to remand this case back to state court, asserting that Herson is lying about moving to Arizona in a malicious effort to waste Farahi's time and money.[3] As a fallback, they argue that, "if [r]emand is denied," it is within this court's discretion to transfer the case to this court's unofficial Northern division in Reno.[4] For his part, Herson moves to dismiss DOA Oregon and DOA Nevada's claims, insisting that they are misjoined under Federal Rule of Civil Procedure 21.[5] I grant the plaintiffs' motion to remand because Herson hasn't shown by a preponderance

---

[1] ECF No. 8-2.
[2] ECF No. 1.
[3] ECF No. 19.
[4] ECF No. 22.
[5] ECF No. 3.

of the evidence that he was a citizen of Arizona when this suit was filed, and I deny their motion to transfer as moot. I then deny Herson's motion to dismiss the companies' claims without prejudice so that it can be decided by the state court.

## Discussion

### A. Legal standard

28 U.S.C. § 1441 allows defendants to remove actions to federal court on the basis of diversity or federal-question jurisdiction.[6] But a defendant seeking to remove on the basis of diversity jurisdiction bears the burden of showing by a preponderance of the evidence that removal is proper.[7] There is a "strong presumption against removal jurisdiction" and the court "resolves all ambiguity in favor of remand to state court."[8] "Under the preponderance of the evidence standard, if the evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-court jurisdiction."[9]

### B. This action is remanded to state court because Herson hasn't established federal removal jurisdiction by a preponderance of the evidence.

In a declaration attached to his petition for removal, Herson states that he moved in with his parents in Arizona in July 2024 and only occasionally returned to Reno to "defend[] against various claims filed against [him] by Farahi."[10] But the plaintiffs assert that Herson's evidence doesn't meet the preponderance-of-the-evidence standard, and he was actually living in Nevada

---

[6] 28 U.S.C. § 1441.

[7] *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

[8] *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (2009) (cleaned up) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (per curiam)).

[9] *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).

[10] ECF No. 1 at 5.

when they filed their complaint.[11]  They suggest that Herson is actively trying to mislead this court and request that I take judicial notice of filings from concurrent litigation that show, they argue, that Herson was still living in Reno, Nevada after he claims to have relocated to Arizona.[12]  Herson opposes remand, reiterating that he had already moved to Arizona by the time this suit was filed.[13]

For a defendant to successfully remove a matter under diversity jurisdiction, diversity must exist both "as of the time the complaint is filed and removal is effected."[14]  The party making a factual attack against removal jurisdiction can submit evidence but "need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence."[15]  "If a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court."[16]

The parties offer mutually exclusive theories here: Herson either was or was not living Arizona when the plaintiffs filed this suit.  To show that Herson didn't move to Arizona in July 2024 as he now claims, the plaintiffs provide three state-court filings from a related lawsuit.  The first, Herson's opposition to Farahi's motion for attorney's fees, provides a Reno post-office box as his address and includes a declaration that says "September 18, 2024, Signed in Reno

---

[11] ECF No. 19 at 7–9.
[12] *Id.* at 8–9; ECF No. 20.
[13] ECF No. 24.
[14] *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).
[15] *Harris v. KM Indus., Inc.*, 980 F.3d 694, 700 (9th Cir. 2020).
[16] *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018).

3

Nevada."[17] The plaintiffs also submit a proof-of-service document filed on the same day, in which Herson handwrote the same Reno address.[18] And they provide a change-of-address form that shows that Herson notified the state court that his new address was a post-office box in Arizona more than a month after this suit was filed.[19] Herson submits his own evidence in response to the plaintiffs' motion—a letter from Farahi's attorney, a receipt from a storage facility in Arizona, an indecipherable screenshot, and an undated voter-registration document.[20] He also provides what he claims is his Arizona driver's license number, but plaintiffs retort that the one-letter, seven-digit code is too short to be a legitimate one.[21]

Little is certain from the parties' briefing and submitted evidence besides their strong animosity towards one another. That Herson provided a Reno post-office box as his address in documents submitted to another court in September is not smoking-gun evidence that he couldn't possibly have moved to Arizona before this suit was filed. And his state-court change-of-address form could be belated rather than proof that he didn't actually move to Arizona until November. But it is Herson who bears the burden of showing by a preponderance of the evidence that the requirements of federal removal jurisdiction have been met. And the fragmented documentation that he offers, called into question the seemingly contradictory state-court filings, doesn't satisfy that burden. So I follow the Ninth Circuit's guidance on the presumption against removal jurisdiction and remand this matter to state court.

---

[17] ECF No. 20-2. The document was electronically filed on September 19, 2024.
[18] ECF No. 20-3 at 2.
[19] ECF No. 20-4.
[20] ECF No. 24 at 10–18.
[21] Id. at 9; ECF No. 25 at 8.

4

**C.    The plaintiffs' request for attorney's fees and all other pending motions are denied.**

The plaintiffs request $4,860.00 in attorney's fees "plus any additional removal-related fees incurred after the filing" of their motion to remand, arguing that such an award is justified because Herson lacked an objective basis for removal and "removed this matter for the sole purpose of harassing Mr. Farahi."[22]  Herson responds that the plaintiffs have offered nothing to show that he acted with "bad faith or an intent to manipulate jurisdiction."[23]

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[24] The United States Supreme Court has held that, as the text of the statute suggests, remand orders do not automatically award fees.[25]  The Court clarified that there is no presumption against or in favor of § 1447(c) fees; whether they should be awarded is simply left to a district court's discretion.[26]  But "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."[27]  And "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted."[28]

---

[22] ECF No. 19 at 9–11.

[23] ECF No. 24 at 5.

[24] 28 U.S.C. § 1447(c).

[25] *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005).

[26] *Id.* at 138–39.

[27] *Id.* at 141.

[28] *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

5

The plaintiffs have offered enough evidence to tip the scales in favor of remand, but they haven't definitively shown that Herson had no objectively reasonable or good-faith basis for removal. Because there is so much uncertainty around if and when Herson established residence in Arizona, I decline the plaintiffs' request for fees under 28 U.S.C. § 1447(c). I also deny their motion to transfer as moot, and I deny Herson's motion to dismiss the claims of plaintiffs DOA Nevada and DOA Oregon without prejudice to his ability to refile it in state court.

**Conclusion**

IT IS THEREFORE ORDERED that the plaintiffs' motion to remand to state court **[ECF No. 19] is GRANTED** and the plaintiffs' motion to transfer **[ECF No. 22] is DENIED** as moot. The Clerk of Court is direct to **REMAND** this case back to the Second Judicial District Court, Washoe County, Nevada, Case No. CV24–02334, **CLOSE THIS CASE**, **and SEND** a copy of this order to the state court on remand**.**

And because this case is being remanded and closed, IT IS FURTHER ORDERED that defendant Jeffrey Herson's motion to dismiss the claims of DOA Nevada and DOA Oregon as improperly joined **[ECF No. 3] is DENIED** without prejudice.

_____
U.S. District Judge Jennifer A. Dorsey
April 15, 2025